## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CITY OF PHILADELPHIA,

                Plaintiff,

      v.

DOUG BURGUM, SECRETARY OF THE INTERIOR,

UNITED STATES DEPARTMENT OF THE INTERIOR,

JESSICA BOWRON, ACTING DIRECTOR OF THE NATIONAL PARKS SERVICE,

      and

NATIONAL PARKS SERVICE, UNITED STATES DEPARTMENT OF THE INTERIOR,

                Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTION RELIEF

### I.    INTRODUCTION

1.    The President's House is the product of collaboration between the City and the United States, which entities worked together to build a monument recognizing the complexity inherent in the fact that some of the individuals instrumental to the founding of our country and its commitment to freedom themselves owned other human beings at the same time.

2.    The recognition of this complexity, and the work to develop the President's House, spanned several federal administrations.

3.    In March 2025, President Trump issued Executive Order No. 14253, calling for among other things, the Interior Department to "ensure that [materials under the jurisdiction of

the department] do not contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times)."

4.    The National Parks Service, at the direction of President Donald Trump, has begun or will imminently begin removing all references to slavery at the historical site known as the "President's House" in Philadelphia.

## II.    JURISDICTION AND VENUE

5.    The Court has jurisdiction under 28 U.S.C. § 1331. This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Administrative Procedure Act, 5 U.S.C. §§ 704-706.

6.    Venue properly lies within the Eastern District of Pennsylvania because this is an action against an officer or employee of the United States and an agency of the United States, Plaintiff City of Philadelphia resides in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this district. 28 U.S.C. § 1391(e).

## III.    PARTIES

7.    Plaintiff City of Philadelphia (the "City") is a municipal corporation and charter city organized and existing under the laws of the Commonwealth of Pennsylvania. The City is the birthplace of our Nation, home to Independence Hall, and served as the Nation's first capital.

8.    Defendant Doug Burgum is the Secretary of the Interior, a cabinet level position.

9.    Defendant United States Department of the Interior is a cabinet level agency of the United States.

10.    Defendant National Parks Service is an agency of the Department of the Interior and manages the property at Independence National Historical Park, where the President's House is located.

## IV.    FACTUAL ALLEGATIONS

11.    The President's House is a monument built at the location where Presidents Washington and Adams resided with their households and worked as leaders of the fledgling country.

12.    Together with their families, both Presidents owned slaves who lived in the home.

13.    Oney Judge, a longtime slave of the Washington family, escaped from the President's House in May 1796 after Martha Washington informed Judge that she would be given to Washington's granddaughter as a wedding gift.

14.    Part of the broader Independence National Historical Park, the President's House site was developed cooperatively by the City and the United States.

15.    Several years after it opened, President's House was designated as a National Underground Railroad Network to Freedom site pursuant to the National Underground Railroad Network to Freedom Act, Pub.L. 105–203, July 21, 1998, 112 Stat. 678, codified at 54 U.S.C. §§ 308301-308304; *see also* https://www.nps.gov/subjects/undergroundrailroad/ntf-listings.htm (listing all Network sites, including President's House).

16.    The purpose of the Act is "[t]o authorize the National Park Service to coordinate and facilitate Federal and non-Federal activities to commemorate, honor, and interpret the history of the Underground Railroad, its significance as a crucial element in the evolution of the national civil rights movement, and its relevance in fostering the spirit of racial harmony and national reconciliation." Pub. L. 105–203, July 21, 1998, 112 Stat 678 at Section 2(b)(2).

17.    The President's House was designated as a Network site by the National Parks Service

18.    On January 22, 2026, the City learned that Defendants, through the National Park Service, had begun or will imminently begin removing educational panels at the President's House site that reference slavery.

19.    These panels have been an integral part of the site since its opening and were included in the site upon its designation as a Network site by the National Park Service.

## V.    CAUSES OF ACTION

### Count I – APA 5 U.S.C. § 706(2) – Arbitrary and Capricious
#### *(All Defendants)*

20.    Defendants Department of the Interior and National Parks Service are all "agenc[ies]" as defined in the APA, 5 U.S.C. § 551(1). The removal of artwork and informational displays at the President's House site referencing slavery constitutes final agency action subject to review by this Court.

21.    Final agency actions (1) "mark the 'consummation' of the agency's decision making process" and (2) are ones "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 178 (1997).

22.    The removal of educational panels referencing slavery is final agency action because it reflects final decisions—in accord with presidential directives—to unilaterally rewrite history to suit the current Administration's preferred narrative.

23.    Under the APA, a "court shall . . . hold unlawful and set aside agency actions, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

24.    "An agency action qualifies as 'arbitrary' or 'capricious' if it is not 'reasonable and reasonably explained.'" *Ohio v. EPA*, 603 U.S. 279, 292 (2024) (quoting *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)). A court must therefore "ensure, among other things,

that the agency has offered 'a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made.'" *Id.* (quoting *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983)). "[A]n agency cannot simply ignore 'an important aspect of the problem'" addressed by its action. *Id.* at 293.

25.     "An agency acts arbitrarily and capriciously if it 'has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 189 (3d Cir. 2014) (*quoting State Farm*, 463 U.S. at 43).

26.     Defendants have provided no explanation at all for their removal of the historical, educational displays at the President's House site, let alone a reasoned one.

27.     Defendants' actions are contrary to their own "Foundation Document," which describes the plan to manage and preserve the Independence National Historical Park, as well as the content on their own website, both of which expressly state the historical value of the recognizing the paradox between slavery and liberty exemplified by the President's House.

28.     Defendants' actions are also contrary to all evidence before the agency; there is no dispute that slaves resided at President's House or that one of President Washington's slaves escaped from that site.

29.     Plaintiffs therefore ask the Court to declare under 5 U.S.C. § 706 and 28 U.S.C. § 2201 that Defendants' removal of the artwork and informational displays referencing slavery at the President's House violates the APA because it is arbitrary and capricious; provide

preliminary relief under 5 U.S.C. § 705; and preliminarily and permanently enjoin Defendants from removing the artwork and informational displays without complying with the APA and all other applicable law.

### Count II – APA 5 U.S.C. § 706(2) – In Excess of Authority
*(All Defendants)*

30.    Under the APA, a "court shall … hold unlawful and set aside agency actions, findings, and conclusions found to be … in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

31.    Defendants may exercise only authority granted to them by statute or the Constitution.

32.    Congress enacted the National Underground Railroad Network to Freedom Act with the express purpose to "recognize the importance of the Underground Railroad, the sacrifices made by those who used the Underground Railroad in search of freedom from tyranny and oppression, and the sacrifices made by the people who helped them." PL 105–203, July 21, 1998, 112 Stat 678 at Section 2(b)(1).

33.    Congress additionally stated that the purpose of the Act is to "authorize the National Park Service to coordinate and facilitate Federal and non-Federal activities to commemorate, honor, and interpret the history of the Underground Railroad, its significance as a crucial element in the evolution of the national civil rights movement, and its relevance in fostering the spirit of racial harmony and national reconciliation." PL 105–203, July 21, 1998, 112 Stat 678 at Section 2(b)(2).

34.    The Act requires the Secretary of the Interior to "establish" the National Network by designating sites for inclusion and to "produce and disseminate appropriate educational

materials, such as handbooks, maps, interpretive guides, or electronic information." 54 USC § 308302.

35.     There is no statutory or other authority for the Secretary to remove and destroy Network sites after designation and doing so runs counter to the express purpose of the Act.

36.     Plaintiffs therefore ask the Court to declare under 5 U.S.C. § 706 and 28 U.S.C. § 2201 that Defendants' removal of the interpretative panels referencing slavery at the President's House violates the APA because it is in excess of Defendants' statutory jurisdiction, authority, or limitations, or short of statutory right; provide preliminary relief under 5 U.S.C. § 705; and preliminarily and permanently enjoin Defendants from removing the interpretative panels without complying with the APA.

## VI.    RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.     A declaratory judgment declaring that Defendants' removal of the interpretative panels referencing slavery violates the APA;

B.     A preliminary injunction prohibiting Defendants from removing the interpretative panels referencing slavery during the pendency of this litigation or until further order of Court;

C.     A permanent injunction prohibiting Defendants from removing the interpretative panels referencing slavery without complying with the APA and all applicable law; and

D.     Any other relief the Court deems just and proper.

Respectfully submitted,

Date: <u>January 22, 2026</u>           Renee Garcia, City Solicitor
Anne Taylor, Chair | Litigation
Lydia Furst, Chief Deputy City Solicitor

*/s/ Ryan B. Smith*
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 410-8264
Renee.Garcia@phila.gov Ryan.Smith@phila.gov

*Attorneys for Plaintiff City of Philadelphia*